[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11557
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-00020-CDL-MSH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID CHRISTOPHER SCHAEFER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(March 22, 2016)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, David Schaefer appeals his 97-month sentence for possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(A) and (b)(2). On appeal, Schaefer argues that his sentence, at the low end of the advisory guidelines range, is procedurally and substantively unreasonable. After review, we affirm.

"We review the reasonableness of a sentence for an abuse of discretion using a two-step process." United States v. Cubero, 754 F.3d 888, 892 (11th Cir. 2014) (quotation marks omitted). We look first at whether the sentencing court committed any significant procedural error, such as misapplying the guidelines or treating them as mandatory, failing to consider the 18 U.S.C. § 3553(a) sentencing factors, choosing a sentence based on clearly erroneous facts, or failing to adequately explain the sentence imposed. Id.[1]

Second, we examine whether the sentence is substantively unreasonable in light of the § 3553(a) factors and the totality of the circumstances. Id. The party challenging the sentence bears the burden to show it is unreasonable. United States v. Alvarado, 808 F.3d 474, 496 (11th Cir. 2015). The weight given to any

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

particular § 3553(a) factor is within the district court's discretion, and this Court will not substitute its judgment for that of the district court. Id. We will reverse a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted).

Here, the district court did not impose a procedurally unreasonable sentence. Schaefer relies on the rationale from Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007), which related to the former crack cocaine guidelines, to assert that the district court should have varied downward based on his policy arguments about the child pornography guidelines in U.S.S.G. § 2G2.2.

Specifically, at his sentencing hearing, Schaefer asked the district court to vary downward from the correctly calculated advisory guidelines range of 97 to 121 months' imprisonment to a 48-month sentence. Schaefer argued that a 48-month sentence was appropriate because it fell within the guidelines range that would have applied if U.S.S.G. § 2G2.2 did not require a 2-level increase in his offense level for his use of a computer and a 5-level increase for possessing 600 or more images. See U.S.S.G. § 2G2.2(b)(6) & (7). Schaefer argued that a downward variance was needed to effectively negate these two § 2G2.2

3

enhancements because the enhancements: (1) were not based on empirical evidence; (2) were not promulgated with normal procedural safeguards because they were mandated by Congress; (3) were outdated; and (4) overstated the seriousness of Schaefer's criminal conduct.

This Court, however, has already suggested that the kinds of deficiencies presented by the former crack cocaine guidelines, and addressed in Kimbrough, are not present in § 2G2.2. See Pugh, 515 F.3d at 1201 n.15. Moreover, this Court has concluded that, while a district court has the discretion to consider a Kimbrough-style challenge to the child pornography enhancements in § 2G2.2, it is not required to vary downward based on those arguments. See United States v. Cubero, 754 F.3d 888, 898-900 (11th Cir. 2014) ("[T]he district court's use of § 2G2.2 as an advisory guideline does not render [the defendant's] sentence procedurally or substantively unreasonable."). Nor is the district court required to "give greater or more extensive reasons for rejecting [a defendant's] request for a downward variance from the § 2G2.2-based guidelines range." Id. at 900.

In Schaefer's case, the district court listened to Schaefer's Kimbrough-style policy arguments against the § 2G2.2 enhancements. The district court engaged in some discussion with defense counsel about these policy arguments, suggesting that while they were good arguments, they were "better directed toward the Sentencing Commission." The district court also asked questions about Schaefer's

4

history of impulse control, potential future danger to children, and sharing of child pornography files via Skype.  In choosing the 97-month sentence, the district court stated that it had considered "the advisory sentencing range and the sentencing factors found at 18 U.S.C. [§] 3553(a)" and had "made an individualized assessment based on the facts presented in this case."  The district court concluded that "the advisory guideline range is adequate in this case, and the Court does not find it appropriate in this case to make a downward variance from the advisory guidelines range."

In other words, the record establishes that the district court acknowledged and understood Schaefer's policy arguments but found them unpersuasive.  Thus, we find no merit to Schaefer's claims that the district court failed to adequately consider his Kimbrough-style request for a downward variance and that the district court was required to provide a more elaborate explanation of its decision to deny that request.

The record also belies Schaefer's claim that the district court did not adequately consider the § 3553(a) factors as a whole.  The district court stated that it had considered the § 3553(a) factors and the facts of Schaefer's case, and was not required to address each factor separately.  See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that "[a]n acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors

5

will suffice"). We note also that the district court's failure to specifically discuss Schaefer's "mitigating" evidence does not mean the district court failed to consider such evidence. See United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007).

Likewise, Schaefer has not shown that his sentence is substantively unreasonable. Schaefer's 97-month sentence is at the low end of the advisory guidelines range of 97 to 121 months and is less than half the statutory maximum of 240 months under 18 U.S.C. § 2254A(b)(2), both indications of reasonableness. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (noting that a sentence imposed well below the statutory maximum is a sign of reasonableness); United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that we ordinarily expect a sentence inside the advisory guidelines range to be reasonable).

Moreover, the facts and § 3553(a) factors support the chosen sentence. Schaefer admitted he is sexually attracted to minors, that he has struggled for years with an addiction to pornography, and that he has been diagnosed with impulse control disorder. At the time of his arrest, Schaefer's computer contained hundreds of videos depicting child pornography, some involving very young children or sadistic or masochistic conduct. Schaefer also distributed some of this material to others via Skype.

This Court has already concluded that the denial of a request for a downward variance based on policy disagreements with the § 2G2.2 enhancements alone does

not render a sentence substantively unreasonable.  See Cubero, 754 F.3d at 898-901.  Schaefer points to no other circumstances that leave us with the definite and firm conviction that his sentence at the bottom of the advisory guidelines range is outside the range of reasonable sentences.  Accordingly, we cannot say the district court's 97-month sentence was an abuse of discretion.

**AFFIRMED.**